[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for the dissolution of the parties' marriage. They were married in Arkansas in February, 1986 and have two children, Jessie Logan, who was born February 24, 1994 and Alex Logan, who was born October 14, 1996.
The parties are both hard working people who have achieved good incomes and stability in their respective employment. Their principal assets consist of two pieces of real property, including the marital residence in Orange and an interest in a multi-family house in Milford. The multi-family house is owned by them in partnership with the defendant's employer, who wants to sell the property shortly. The Orange house has been burdened by an ill-conceived and ineffectively executed home improvement project largely designed by the husband which included a dining room addition, a kitchen renovation, and an oversized garage. The project was commenced but the funds obtained for it from a home equity loan were exhausted, partly by a $6,000.00 loan to the defendant's brother. The brother repaid the loan, but repayments of $4,000.00 were made in cash to the defendant and were not used to pay down the equity line. The defendant incurred a bill for $20,315.00 to TKE Building and Developing for some of the work. Whether the improvements would have improved the value of the house if completed is speculative, but the current unfinished state of the house has substantially diminished its value.
Approximately $15,000.00 of the equity line was used to pay credit card debt, but in effect the remainder has been squandered.
The Milford house was purchased by the defendant's employer for $174,000.00 with a $12,000.00 down payment. The parties purchased their half interest in the house when the plaintiff took $ 6,000.00 from her credit union account. They lived there for a time, and the portion of the property they lived in is now rented.
The husband cites the wife's relationship with another man as the cause of the breakdown. The wife cites one violent episode by the husband as the last straw. Ultimately, both arguments have merit, and fault is not a major consideration in the structure of these orders.
The parties have agreed to a custody and visitation plan, and the court will adopt it. CT Page 9298
The court has considered all relevant statutory criteria for property division, alimony, and child support as well as its findings of fact in determining its orders.
The following orders will enter.
1. The marriage is dissolved on the ground of irretrievable breakdown.
2. The wife will quit claim to the husband all her right, title and interest in property known as 51 Kenwood Road, Milford. The husband will hold her harmless and indemnify her for all expenses including attorneys fees on account of all mortgages, liens, property taxes, and expenses concerning that property and on account of all federal and state income and capital gains taxes for the property, whenever incurred.
3. The husband will quit claim the real property known as 766 Riverside Drive, Orange, Connecticut to the wife, and she shall have exclusive possession of the same within twenty days of the date of this judgment. Except as set forth below, the wife shall assume liability for all mortgages, real estate taxes, and other debts associated with the property.[1]
4. The husband will assume liability for and hold the wife harmless on account of the $20,315.00 debt to TKE Building and Developing as well as for any other debts, disclosed or undisclosed, he incurred in connection with the construction of the house, except the home equity line. He will indemnify her for all costs she incurs for these debts including but not limited to attorney's fees which may become necessary to defend against collection actions.
5. The husband will pay the wife $4,000.00 within thirty days, which may be applied by her to the home equity line for sums paid directly to the husband by his brother.
6. The husband will pay the wife $224.00 per week in child support, plus fifty-one percent of any unreimbursed medical bills for the minor children, and shall contribute toward their day care expenses in accordance with the Child Support Guidelines.
7. The wife will maintain the children on medical insurance available to her through her employer at reasonable expense.
8. The parties will have joint physical custody of the minor children, who shall reside primarily with the wife. If there is any dispute between them as to medical, educational, religious, or moral issues, the wife shall have final decision making authority. The husband will have CT Page 9299 parenting responsibility/visitation with the children from after school on Fridays until Monday morning. The wife will be responsible for the children at all other times.
9. The parties will each continue to maintain their existing life insurance policies, naming the other as beneficiary until the youngest child reaches the age of eighteen or completes high school, whichever is later, but not beyond his nineteenth birthday.
10. The parties will each be responsible for the debts listed on their own financial affidavits, except that the husband will be liable for the $1,700.00 People's Bank bill wich appears on both parties' affidavit.
11. Except as ordered in this judgment, the parties will each keep the assets on their respective financial affidavits. The wife shall retain the Savings Bonds.
12. The husband shall pay the wife the sum of $75.00 per week as alimony for a period of seven years. The term of the alimony shall not be modifiable. Alimony shall terminate on the death of either party or the wife's remarriage, and shall be subject to modification, suspension or termination in accordance with the applicable statute if the wife cohabits with another person.
13. The husband shall pay the day care arrearage.
Judgment will enter accordingly.
BY THE COURT,
GRUENDEL, J.